LUIS MIRAY, Petitioner and Appellant, v. EULOGIO MERCADO, Warden of the Municipal Jail of Vieques, P. R., Defendant and Appellee.

No. 7833. Argued March 29, 1939.—Decided June 14, 1939.

F. González Fagundo and J. Rivera Pérez, for petitioner. R. A. Gómez, Prosecuting Attorney and Luis Janer, Assistant Prosecuting Attorney for The People, appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Luis Miray presented a petition for a writ of habeas corpus before the District Court of Humacao. It transpires that the Municipal Court of Fajardo had a session on the Island of Vieques and that the petitioner was tried there for an offense and convicted. The amended petition of habeas corpus in this case set up various causes why the judgment of the Municipal Court of Fajardo was wrong. These various

grounds are summed up in the brief of the Fiscal of this court.

On March 5, 1937, or thereabouts, when Judge González Fagundo, who in the absence of the titular Judge Arjona Siaca had been appointed as the substitute judge for the District Court of Humacao, became disqualified to sit in this case, Attorney Jesús A. González was appointed to try the cause. By reason of this nomination he not only tried the case of Luis Miray, but a number of other defendants charged with the same offense as petitioner's. The special judge named dismissed this and all the other petitions of habeas corpus. An appeal was taken to this court in the present case.

■■ The appellant in his brief assigns various errors. Subsequently, for lack of jurisdiction, he attacked the right of Attorney Jesús A. González to try the case. The Fiscal agrees that the case falls squarely under the decision of the Circuit Court of Appeals for the First Circuit in the case of *Annoni* v. *Nadal Heirs,* 94 Fed. (2d) 513. In that case it was held that there was no provision in the Puerto Rican Code of Civil Procedure which, in the absence of the titular judge, justified the naming of another judge for a special case, but the case would have to be transferred to another district. Likewise, the case decided that there could be no question of a judge *de facto* sitting in place of the titular judge where no other person could sit in that jurisdiction, for a special case. The Fiscal of this court suggests that the case should be reversed and sent back for further proceedings in the District Court of Humacao under the same writ of habeas corpus.

■ The appellant, moreover, has presented a second so-called new jurisdictional question. He insists that in the Municipal Court of Fajardo the defendant was tried without the aid of counsel. This perhaps is true, but we do not think we have a sufficient record before us to justify our deciding whether this case falls under the decision of *Johnson*

v. *Zerbst,* 304 U. S. 458, and the cases decided by this court thereunder, or whether the defendant possibly might not have waived his right to have a lawyer.

We are quite convinced that the best procedure would be to send the case back to the District Court of Humacao for further proceedings not inconsistent with this opinion.